UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

NAJELA DRICE,

                Plaintiff,

- against -

MY MERCHANT SERVICES, LLC, and
JOSE A. VALERIO, *individually*,

                Defendants.

-------------------------------------------------------------------------X

Case No.: 15 cv 395 (MKB) (MDG)

**DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S MOTION FOR <u>DEFAULT JUDGMENT</u>**

      **CASEY WOLNOWSKI, ESQ.**, declares, pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury, that the following is true and correct:

1. I am a member of the Bar of this Court and am an associate at the firm PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, attorneys for Plaintiff in the above-entitled action. I am familiar with all of the facts and circumstances in this action.

2. I make this declaration in support of the motion, made pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2(b) of the Local Rules of the United States District Court for the Eastern District of New York, seeking entry of a default judgment against Defendants My Merchant Services, LLC and Jose A. Valerio, *individually*, (together "Defendants") and in favor of Plaintiff Najela Drice ("Plaintiff") in the amount of $63,260.00, prejudgment interest in the amount of $132.00, attorneys' fees in the amount of $3,500.00, and disbursements in the amount of $624.33, amounting to a total of $67,516.33.

3. This is an action to recover damages for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")) and the New York City Human Rights Law, Administrative Code § 8-107 *et seq*. ("NYCHRL") as a result of Plaintiff being sexually

1

harassed and discriminated against on the basis of gender.

4. Plaintiff also brings this action to recover damages for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay at least the minimum wage, and to recover unpaid back wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

5. Plaintiff worked approximately forty (40) hours each and every week for the two (2) weeks she was employed by Defendants. From April 28, 2014 through May 12, 2014, Plaintiff's approximate last date of employment, the minimum wage rate in New York was $8.00 an hour. Plaintiff was paid $300 for her first week of work. When divided by forty (40) hours, Plaintiff received an hourly rate of $7.50, $.50 less than the minimum wage. For her second week of employment, Plaintiff did not receive any wages. For this week she is owed $320.00, calculating by multiplying the applicable minimum wage by forty (40) hours. Accordingly, Plaintiff is entitled to $340.00 for work performed for Defendants between these dates.

6. In accordance with, inter alia, *Griffin v. Astro Moving & Storage Co.*, 11-CV-1844 (MKB), 2015 U.S. Dist. LEXIS 43326, at *18 (E.D.N.Y. Mar. 31, 2015), Plaintiff is entitled to liquidated damages of 100% under the FLSA and liquidated damages of 100% under the NYLL (totaling $680.00 in liquidated damages). Thus, her total wage claims amount to $1,020.00.

7. Plaintiff also seeks damages resulting from the unlawful sexual harassment and constructive discharge in violation of Title VII and the NYCHRL. As a result, she is entitled to back pay damages.

8. Plaintiff's employment was constructively terminated on or about May 12, 2014. Plaintiff began a new job on or about June 30, 2014, earning a salary slightly higher than what she

had been earning with Defendants. Accordingly, she was out of work for approximately seven (7) weeks and is thus entitled to $2,240.00 in back pay.

9. Plaintiff is also entitled to sixty thousand dollars ($60,000.00) as compensation for all of the emotional distress that she suffered as a result of the unlawful harassment and constructive discharge.

10. Thus, Plaintiff's total compensatory damages are approximately $63,260.00 ($1,020.00 + $2,240.00 + $60,000.00).

11. A true and correct copy of Plaintiff's Declaration in support of her Motion for Default Judgment is attached as Exhibit "A."

12. This action was commenced on January 26, 2015, by filing of the Summons and Complaint. A copy of the Complaint is attached as Exhibit "B."

13. A copy of the Summons and Complaint was served on Defendant JOSE A. VALERIO on February 6, 2015, by personal service, and proof of such service thereof was filed on February 20, 2015. (See Docket # 4.)

14. Two copies of the Summons and Complaint were served on Defendant MY MERCHANT SERVICES, LLC on February 11, 2015 by service on the New York Secretary of State in Albany, and proof of such service thereof was filed on February 20, 2015. (See Docket # 5.)

15. Affidavits of service regarding service of the Summons and Complaint as to each defendant are attached, respectively, as Exhibits "C" and "D."

16. None of the Defendants have answered the Complaint and the time for the Defendants to answer the Complaint has since expired.

17. On April 2, 2015, a Certificate of Default was issued by the Clerk of Court. (See Docket #8.) A copy of the Certificate of Default is attached hereto as Exhibit "E."

3

18. Plaintiff is also entitled to prejudgment interest on damages as to her Title VII and NYCHRL claims at a statutory rate of twenty-two tenths of one percent (0.22%), calculated in this case to be approximately $132.00 ($60,000.00 x 0.0022).

19. A total of ten (10) hours has been rendered by counsel in this matter, at the rate of $350.00 per hour, for a total of $3,500.00 in legal fees. It is my opinion and belief, based my experience in comparable litigation, that this amount represents the fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in New York City.

20. Specifically, Plaintiff's counsel spent time drafting and filing the summons and complaint, drafting and filing the EEOC documents which were necessary prerequisites to bringing this action, discussing and reviewing the details of the complaint with Plaintiff, preparing calculations of damages and drafting a demand letter, preparing the filings in order to secure a certificate of default, and preparing the present motion.

21. Counsel paid a filing fee of $400.00 when he filed the Summons and Complaint with this Court. Counsel also paid a total of $210.00 in service fees, including a filing fee of $40.00 for service upon the Secretary of State for the corporate defendant, and $170.00 for service on all Defendants. Counsel paid $14.33 for postage and delivery of correspondence to Defendants. This total amounts $624.33.

22. Accordingly, due to Defendants' defaults, Plaintiff is entitled to a judgment in the amount of $63,260.00, prejudgment interest in the amount of $132.00, attorneys' fees in the amount of $3,500.00, and disbursements in the amount of $624.33, for a total judgment of $67,516.33. A proposed form of judgment is attached hereto as Exhibit "F."

Dated: New York, New York
April 21, 2015

**PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC**

By: _____

Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
cwolnowski@tpglaws.com

5