CV 15 - 0395

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Case No.:
NAJELA DRICE,

                              Plaintiff,          **COMPLAINT**

- against -

                                                **PLAINTIFF DEMANDS**
MY MERCHANT SERVICES, LLC, and         **A TRIAL BY JURY**
JOSE A. VALERIO, *Individually*,

                          Defendants.
------------------------------------------------------------X

      Plaintiff NAJELA DRICE, by and through her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of Defendants upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for **failure to pay regular earned wages** for work she performed as an employee of Defendants, and seeks to recover unpaid back wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

2. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* ("NYCHRL"), and seeks damages to redress the injuries she has suffered as a result of being **Sexually Harassed and Discriminated against on the basis of her Gender.**

EXHIBIT B

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. §216 (b)), 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and city law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as it is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREQUISITES

6. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated November 25, 2014 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

8. This Action is being commenced within 90 days of receipt of said Notice.

## PARTIES

9. At all times relevant, Plaintiff NAJELA DRICE ("Plaintiff") was and is a resident of the State of New York and County of Kings.

10. At all times relevant, Defendant MY MERCHANT SERVICES, LLC ("MY MERCHANT") was and is a domestic business corporation, duly existing under, and by virtue of, the laws of the State of New York, and maintains its principal place of business at 462 36th Street, Suite 3B, Brooklyn, NY 11232 ("the office").

11. At all times relevant, Defendant JOSE A. VALERIO ("VALERIO") was and is employed by Defendant MY MERCHANT, holding the position of "President and Chief Executive Officer."

12. At all times relevant, Defendant VALERIO held and/or exercised supervisory authority over Plaintiff and had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment.

13. Defendants MY MERCHANT and VALERIO are herein referred to together as "Defendants."

14. At all times relevant, Defendant MY MERCHANT had the power to, and did in fact, establish certain terms and conditions of Plaintiff's employment, including Plaintiff's schedule and rate of pay.

15. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, all Defendants are liable as "employers" under the FLSA.

16. Defendants are also jointly and severally liable as joint employers under 29 C.F.R. § 791.2 for the violations complained of herein.

17. Upon information and belief, Defendant MY MERCHANT grossed more than $500,000 in the past fiscal year.

## MATERIAL FACTS

18. On or about April 28, 2014, Plaintiff was interviewed by Wesley Daguir ("Daguir"), of Defendant MY MERCHANT for the position of "Funding Specialist/ Sales Associate." **Although this was a commission-based position, Plaintiff asked for, and Defendant MY MERCHANT agreed, that Plaintiff would be paid wages which would eventually be drawn against earned commission. Notably, Defendant MY MERCHANT agreed to pay Plaintiff approximately $300 per week (until**

**commission was earned), and that she would be paid weekly.** In fact, Defendant VALERIO explicitly agreed to this. The following day, on or about April 29, 2014, Plaintiff began working for Defendants and on Monday, May 5, 2014, Defendants paid Plaintiff $300 per the agreement for the prior week of work.

19. However, during Plaintiff's employment, Defendant VALERIO consistently and continuously subjected Plaintiff to sexual harassment and unlawful discrimination solely on the basis of Plaintiff's gender (female), creating an extremely hostile and intimidating work environment.

20. **Specifically, throughout Plaintiff's employment, Defendant VALERIO continuously propositioned Plaintiff and subjected Plaintiff to unwelcome and offensive comments and conduct of the sexually offensive nature.**

21. By way of example, on or about May 5, 2014, Plaintiff met Defendant VALERIO for the first time. When they met, Defendant VALERIO told Plaintiff to meet him in the hallway for a one-on-one meeting. During their one-on-one meeting, Plaintiff soon realized that Defendant VALERIO was being overly flirtatious in his body language, facial expressions, and hand gestures.

22. The following day, on or about May 6, 2014, as Plaintiff was preparing to leave work for the day, Defendant VALERIO approached Plaintiff, squeezed Plaintiff's hand, handed her his business card, winked at Plaintiff in a flirtatious manner, and told her to "call [him]." Although Defendant VALERIO's behavior made Plaintiff extremely uncomfortable, she decided not to say anything because she feared that by doing so she could be putting her job at risk.

23. On or about Wednesday, May 7, 2014, Defendant VALERIO approached Plaintiff and

4

asked her to go to lunch or happy hour with him the following day (Thursday, May 8, 2014). Plaintiff did not say anything in response.

24. That same day, Defendant VALERIO approached Plaintiff and showed her a photograph of a Haitian girl that Defendant VALERIO stated he met on the train. He then stated that, "this Haitian girl is beautiful, just like you" (addressing Plaintiff, who is Haitian).

25. That following day, May 8, 2014, Plaintiff called in sick. However, throughout the day while Plaintiff was home sick, Defendant VALERIO repeatedly called Plaintiff's cell phone. On some of these instances, he left voicemails. Defendant VALERIO also called and did not leave voicemails approximately five (5) times. He also sent Plaintiff multiple text messages which were unwelcome and offensive.

26. **<u>Specifically, in the voicemails, Defendant VALERIO called Plaintiff "beautiful," offered to help her with anything she may need, and referred to Plaintiff as his "little Haitian princess."</u>**

27. As for the text messages, at or around 11:59 AM, **<u>Defendant VALERIO text-messaged to Plaintiff, "I don't know why yet. But I will am [sic] looking at you with care and loving;" "If you need anything. Please let me know. I will fly over there."</u>**

28. Furthermore, at or around 4:36 PM, Defendant VALERIO text-messaged to Plaintiff, **<u>"How is my little princess doing?"</u>**

29. Defendant VALERIO's unwelcome romantic overtures caused Plaintiff to feel alarmed. Nevertheless, Plaintiff needed the job, and returned to work on or about Friday, May 9, 2014.

30. During an afternoon break, on or about Friday, May 9, 2014, Plaintiff left the office and walked down the sidewalk outside the office in order to make some calls on her cell

phone in private.

31. Nevertheless, Defendant VALERIO followed Plaintiff out of the office and waited several minutes outside the office while watching her use her cell phone. **Then, Defendant VALERIO walked down the block to where Plaintiff was standing, approached her, kissed his fingers and touched Plaintiff's forehead with the fingers he kissed. While doing this, he made a "Muahh" noise so as to simulate Defendant VALERIO giving Plaintiff a kiss.**

32. Plaintiff was stunned by Defendant VALERIO's inappropriately intimate gesture. Plaintiff felt violated and felt unable to respond. However, she decided to return to the office and finish out the work day.

33. At the end of the work day, on or about Friday, May 9, 2014, Plaintiff did not receive her anticipated weekly payment. Accordingly, Plaintiff spoke with Defendant VALERIO on the telephone.

34. During their conversation, Defendant VALERIO advised Plaintiff that although he had made an agreement with her, the agreement was an exception to his general rule, and therefore, he was not going to pay Plaintiff for her work that week.

35. Plaintiff became very upset as Defendant VALERIO had been subjecting her to sexual harassment and was now not even going to pay her. Plaintiff went home upset.

36. **That evening (Friday, May 9, 2014) Defendant VALERIO called Plaintiff at approximately 11:56 PM and left her a voicemail stating that he wanted to see her and talk to her that evening. Plaintiff did not respond.**

37. The following morning (Saturday, May 10, 2014), Defendant VALERIO again called Plaintiff multiple times around 9:30 AM. **When she did not answer, Defendant**

> **VALERIO text-messaged Plaintiff stating, "Good morning. My beautiful Haitian girl. We need to talk. Am going to give you an offer you can't refuse. Am going to put you on a salary base position. I have a check for you. Don't ask me why. But I like you. And that's a great reason to take great care of you. I want you in my side on my team. Can I count on you. Please call me you beautiful Haitian princess. Muahhhh."**

38. However, when Plaintiff responded via text message and inquired about where and when she could pick up her check and whether Defendant VALERIO would be willing to put in writing the proposed new payment structure, Defendant VALERIO became abusive and proceeded to insult Plaintiff. He accused Plaintiff of having an "attitude problem" and proclaimed that "being pretty wasn't enough to get by in life."

39. As a result of the foregoing, Plaintiff felt that she could not rely on Defendant VALERIO to act in good faith as her employer. Moreover, it became clear to Plaintiff that Defendant VALERIO hiring her was actually a rouse to attempt to engage her romantically.

40. Unable to tolerate the unwelcome sexual advances by her boss Defendant VALERIO, as well as Defendants' refusal to pay her earned wages, Plaintiff believed that she could no longer return to work and she felt that the working conditions were so unbearable that she would rather quit than suffer further abuse. **Accordingly, Plaintiff was constructively discharged** and further, to date, Defendants have failed to pay Plaintiff wages earned as a commissioned salesperson and/or minimum wage for work performed.

41. As a result of the foregoing, Plaintiff was subjected to an unlawful hostile work environment and was discriminated against on the basis of her gender.

7

42. Plaintiff has felt, and continues to feel offended, disturbed, and humiliated by the unlawful discrimination she has suffered at the hands of Defendants.

43. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

44. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. As a result of the acts and conduct complained of herein, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

46. As a result of the above, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of the Court.

47. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Punitive Damages as against Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO MAKE TIMELY PAYMENT OF WAGES

48. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

49. Defendants failed to pay Plaintiff timely wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*, and its implementing regulations.

50. Defendants' failure to pay the required timely wages was willful within the meaning of 29 U.S.C. § 255.

51. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO MAKE TIMELY PAYMENT OF WAGES

52. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

53. Plaintiff was a commissioned salesperson within the meaning of New York Labor Law § 191(1).

54. Defendants failed and refused to pay Plaintiff pursuant to the agreed terms of employment, in violation of New York Labor Law § 191(1).

55. Due to Defendants' New York Labor Law violations, Plaintiff has been damaged in amount as yet undetermined and is entitled to liquidated damages, reasonable attorneys' fees and costs.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## MINIMUM WAGE

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

57. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

58. Defendants' failure to pay Plaintiff the mandated minimum hourly pay in accordance with the FLSA, was a direct violation of the FLSA, specifically 29 U.S.C. § 206.

59. Defendants' failure to pay proper minimum wages for each hour worked was willful within the meaning of 29 U.S.C. § 255.

60. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A FOURTH CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW § 652(1)
## MINIMUM WAGE

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

62. Plaintiff was an employee of Defendants within the meaning of the NYLL.

63. Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

64. Defendants violated Plaintiff's right to minimum wage pay under § 652(1); New York Labor Law, Article 19.

65. Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

66. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

67. Defendants' actions were willful.

68. Defendants' failure to comply with the New York State Labor Law and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendant)

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant's

violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

71. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e, *et seq.*, by discriminating against Plaintiff because of her gender.

### AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

72. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The New York City Administrative Code § 8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

74. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her gender.

### AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

75. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

76. The New York City Administrative Code § 8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing

of any of the acts forbidden under this chapter, or attempt to do so."

77. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code § 8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A EIGHTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

78. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. The New York City Administrative Code § 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

      1. the employee or agent exercised managerial or supervisory responsibility; or

      2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who

12

     exercised managerial or supervisory responsibility; or

  3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

 c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

80. Defendants violated the section cited herein as set forth.

## JURY DEMAND

81. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e and the NYCHRL in that Defendants <u>sexually harassed Plaintiff and discriminated against her on the basis of her gender;</u>

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the FLSA and the NYLL by <u>failing to pay Plaintiff her earned wages;</u>

C. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury,

distress, pain and suffering and injury to her reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay her earned wages;

G. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
January 22, 2015

          PHILLIPS & ASSOCIATES,
          ATTORNEYS AT LAW, PLLC

By: *[signature]*
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
cwolnowski@tpglaws.com

14

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Najela Drice<br>567 East 22nd Street<br>Apt. D3<br>Brooklyn, NY 11226 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-02723 | Charles K. Diamond,<br>Investigator | (212) 336-3771 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin G Berry_   11/25/14

Kevin J. Berry,   (Date Mailed)
District Director

Enclosures(s)

cc: Director of Human Resources
MY MERCHANT SERVICES, LLC
462 36th St
Suite 3 B
Brooklyn, NY 11232

Casey Wolnowski, Esq.
PHILLIPS & ASSOCIATES
45 Broadway
Suite 620
New York, NY 10006

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Najela Drice | ) CV 15 - 0395 |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| My Merchant Services, LLC, et ano | ) |
| *Defendant* | ) |

BRODIE, J.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* See attached

GO, M.J

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Phillips & Associates
> 45 Broadway, Suite 620
> New York, NY 10006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
CLERK OF COURT

Date: JAN 26 2015

*Signature of Clerk or Deputy Clerk*

## **DEFENDANTS' ADDRESS PAGE**

MY MERCHANT SERVICES, LLC
Via the Secretary of State
462 36th Street, Suite 3B
Brooklyn, NY 11232

JOSE A. VALERIO
Via place of employment at:
462 36th Street, Suite 3B
Brooklyn, NY 11232